**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30242 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00111-MJP-4 |
| v. | |
| MAXI DINGA SOPO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted May 4, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Maxi Sopo appeals the sentence imposed following his guilty plea to four

counts of bank fraud in violation of 18 U.S.C. § 1344, arising from a scheme to

obtain car loans based on fraudulent information. Sopo is currently serving the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

33-month sentence imposed by the district court. On appeal, Sopo contends that the district court improperly accounted for conduct outside of the guilty plea when calculating the loss amount and that the district court improperly imposed a four-level leadership enhancement. Finding no abuse of discretion, we affirm.

The court did not err in calculating the loss amount at above $120,000 for purposes of fixing the offense level and determining restitution. The Sentencing Guidelines for fraud offenses provide for an escalating scale of enhancements to reflect the "loss" associated with the offenses of conviction. U.S.S.G. § 2B1.1(b)(1). Where the loss amount is more then $120,000, but no more than $200,000, a ten-level enhancement applies. *Id.* at § 2B1.1(b)(1)(F). Sopo's plea agreement specifically contemplated that at sentencing the court would consider "all relevant offense conduct, including conduct associated with the dismissed counts of the Second Superseding Indictment." *See United States v. Fine*, 975 F.2d 596, 597–604 (9th Cir. 1992) (en banc) (holding that even where a defendant pleads guilty to only some of the counts in a multiple-count fraud indictment, the sentencing court may still consider the losses related to the dismissed counts as relevant conduct).

There was also ample evidence to support a four-level leadership sentencing enhancement. A four-level leadership enhancement applies where a defendant

2

"was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Sopo admitted in his plea agreement that he "instructed" four others to make false representations to credit unions regarding their income and employment. Moreover, evidence before the court also established that Sopo was responsible for initially recruiting the four to participate in the fraud scheme. Based on this evidence, the district court did not abuse its discretion in imposing the four-level leadership enhancement. *See United States v. Govan*, 152 F.3d 1088, 1096 (9th Cir. 1998) (finding a four-level leadership enhancement proper where the defendant recruited others to participate in the scheme).

**AFFIRMED**.